RICOT J. DOVALE, Respondent, v. BERNARD L. ACKERMANN, Appellant.

*Supreme Court, First Department, General Term, December 2, 1889.*

*Judgment.   Vacation.*—Where on a motion to set aside a judgment entered as alleged upon a failure to answer, it appears from the moving affidavits that the date of the admission of service had been altered, which was denied by the opposing affidavits, a reference to take proof of this issue should be had before making any final disposition of the application.

Appeal from order denying motion to vacate judgment entered on the alleged default of the defendant in answering plaintiff's amended complaint.

*W. F. Randel*, for appellant.

*Jas. N. Lyddy*, for respondent.

VAN BRUNT, P. J.—The claim upon the part of **the**

appellant is that the admission of service of the amended complaint herein was altered by the insertion of the date of May 20, 1889, in such admission.

It is urged upon the part of the respondent that such is not the case, but that the date was inserted at the time of the signing of the admission in question. This condition of things presents a very serious question, which should have been attempted, in view of the contradictory nature of the evidence, to be solved by some sort of an oral hearing of the parties acquainted with the facts. The learned court below in the decision of the case was not prepared to adopt the forgery theory, or the claim that a wilful default for the purposes of delay had been submitted to.

We think that this question should have been sifted to the bottom to ascertain as to who was in fault. If this date had been interlined there is no question but that the defendant would be entitled to an order granting this motion to vacate the judgment without terms. And if this charge of alteration was made without evidence to sustain it, then the terms imposed were entirely inadequate.

We think upon an examination of these papers that the order should be reversed, and that a reference should be had to ascertain the fact whether or not this admission of service of the amended complaint has been fraudulently altered, as claimed by the appellants.

Upon the coming in of this report of the referee, application may then be made to the special term for such relief as the nature of the report may warrant. Costs of this appeal should not be awarded to either party.

BARTLETT and BARRETT, JJ., concur.